Filed 03/07/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02106

---

The University of Vermont Medical Center, Inc., et al v. Dawn Tanko

---

## DECISION ON MOTION FOR JUDGMENT AND WRIT OF POSSESSION

This matter came before the Court on February 20. 2025 for a hearing on Plaintiff's Motion for Judgment and Writ of Possession. UVMMC and Union Place Apartments (collectively "Plaintiff") appeared by Webex, represented by Attorney Angela N. Zaikowski, Esq. Defendant Dawn Tanko appeared in person, represented by Attorney Lily Yan, Esq. The Court heard testimony from both parties and argument from counsel, during which defense counsel asserted that Ms. Tanko is entitled to a reasonable accommodation of additional time to pay her rent or vacate the premises, based on her disability. The Court allowed the parties the opportunity to submit post-hearing memoranda on this issue, which they have done.[1] The Court then took the matter under advisement for determination. For the reasons set forth below, Plaintiff's motion is GRANTED.

### Discussion

Based on the credible evidence presented, the Court finds the following facts to be established by a preponderance of the evidence.

Defendant Dawn Tanko has been employed by Plaintiff UVMMC for 24 years. She lives in a rental unit owned by Plaintiff. In the past year or so, Ms. Tanko was in an accident and unfortunately suffered a brain injury, which has kept her out of work for a considerable period of time. As a result, she has been unable to pay her rent. In May 2024, Plaintiff filed this eviction action. In October 2024, the parties reached a stipulated resolution, which was approved and adopted by the Court, wherein Plaintiff agreed to a reasonable accommodation to provide Tanko with more time to make payments to cure the rent deficiency. *See* Stipulated Order, dated Oct. 11, 2024, ¶ 3. The Order provides that if Tanko did not make the monthly payments required, Plaintiff would be entitled to file a Motion for Judgment and Writ of Possession, which the Court would set for hearing.

---

[1] On March 5, 2025, Ms. Tanko, acting pro se, made an email submission to the Court. It does not appear that Tanko sent a copy of her email to Plaintiff. To the extent Tanko's submission contains additional facts, the Court has not considered them, but rather views the filing as further argument in support of her opposition to Plaintiff's motion.

Ms. Tanko was able to make her monthly payments for October through December using short-term disability funds. However, these funds ran out and Tanko was unable to make her payments. She experienced setbacks in her healing process and has not been able to return to work. She also has not completed the necessary paperwork to enroll in long-term disability coverage. Tanko currently owes $11,753 in back rent. In addition, the CVOEO benefits that were expected did not come through. Tanko is on new medication and would like to return to work at UVMMC; however, there are no set plans or timeline in place.

Tanko argues that she is a person with a disability and therefore Plaintiff is required to grant her a "reasonable accommodation" by giving her additional time to cure her rent deficiency and pay her arrears, and/or additional time to vacate her unit. Plaintiff does not appear to challenge Tanko's disability. It points out that it has already provided a reasonable accommodation in the October 2024 stipulation, although it argues it was not legally required to do so, and that Tanko's further requests are not reasonable.

The Court is certainly sympathetic to Ms. Tanko's situation. It is regrettable that the parties have not been able to reach a further resolution of this matter, particularly in light of Tanko's status as a long-time UVMMC employee. However, the Court must conclude that Tanko has failed to meet her burden to demonstrate that the accommodation she is requesting is reasonable. *See, e.g.*, *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (holding that plaintiff must prove the requested accommodation is reasonable as part of her prima facie case) (cited in *Gates v. Mack Molding Co.*, 2022 VT 24, 216 Vt. 379). As the Second Circuit has explained, "[e]conomic discrimination," that is, the failure to accommodate a disabled person's inability to pay the required rent, "is not cognizable as a failure to make reasonable accommodations." *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 302 (2d Cir. 1998) ("Congress could not have intended the FHAA to require reasonable accommodations for those with handicaps every time a neutral policy imposes an adverse impact on individuals who are poor."). Further, "the payment of rent as consideration for the right to possess and use a property is the very basis and nature of the transaction between a lessor and lessee." *Dempsey v. Hous. Operations Mgmt., Inc.*, No. 3:15-CV-615 (SRU), 2016 WL 730702, at *3 (D. Conn. Feb. 23, 2016). While the Fair Housing Act "requires housing providers to make reasonable accommodations for renters' disabilities, . . . it does not undermine the nature of their transaction or so fundamentally alter their relationship that it removes eviction as a remedy for nonpayment of rent." *Id*.

Nor does the Court find that Ms. Tanko's financial circumstances were entirely beyond her control, or that other good cause exists to relieve her of the obligations imposed by the Court's October 2024 Order. Tanko understood her obligation to continue making her rental payments, and could have timely pursued long-term disability coverage or other options to obtain the necessary funds. During the hearing, she could not present a specific timeline for returning to work fulltime and getting caught up on her rental arrears. Again, the Court appreciates Ms. Tanko's desire to return to work for UVMMC and understands that she has been the victim of some very unfortunate circumstances. But Vermont law allows Plaintiff to proceed with this eviction action, and the Court finds Plaintiff has demonstrated that it is entitled to judgment.

<u>Order</u>

For the foregoing reasons, Plaintiff's Motion for Judgment and Writ of Possession is GRANTED. Plaintiff shall submit a proposed judgment order.

Electronically signed on March 7, 2025 at 2:57 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge